**FARAH LAW, P.C.**
Neda Farah (SBN 269819)
265 S. Doheny Drive, Suite 102
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 310-494-0768
E-Mail: neda@nedafarahlaw.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTAL SHEFFIELD,<br><br>    Plaintiff,<br><br>    v.<br><br>ADVANTAGE FINANCIAL SERVICES, LLC,<br><br>    Defendant. | Case No. 8:24-cv-43<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.**<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW COMES Plaintiff, CRISTAL SHEFFIELD ("Plaintiff"), by and through her attorneys, Farah Law, P.C., complaining as to the conduct of ADVANTAGE FINANCIAL SERVICES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Central District of California and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Central District of California.

## PARTIES

4. Plaintiff is a disabled consumer over 18-years-of-age residing in Orange County, California, which is located within the Central District of California.

5. Defendant "work[s] with the medical, banking, lending, government, and commercial industries to collect unpaid debt."[1] Defendant is organized under the laws of the state of Idaho, with its principal place of business located at 10 South

---

[1] https://www.afsidaho.com/about-us/

Cole Road, Boise, Idaho 83709. Defendant regularly collects upon consumers nationwide, including those residing within the state of California.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. For the last several months, Plaintiff has been looking to improve her credit, so she accessed her credit report and was surprised to see an entry bearing Defendant's name, who was reporting in an active collection status, a medical debt ("subject debt") that Plaintiff purportedly incurred with *Gem State Radiology* ("Gem State").

8. At the time Plaintiff obtained medical services from Gem State, Plaintiff was assured that her expenses would be covered by her medical insurance.

9. Accordingly, on or about November 8, 2023, Plaintiff contacted Defendant via telephone and relayed this information, along with the fact that Plaintiff disputed owing the subject debt.

10. Rather than notate Plaintiff's dispute and inform Gem State of the same, Defendant's representative disregarded Plaintiff's information and attempted to collect upon the subject debt.

11. A few weeks later, Plaintiff checked her credit report to ensure that Defendant was no longer reporting the subject debt, but much to her dismay, not only was

Defendant reporting the account in an active collection status, but Defendant also failed to notate that the subject debt was being disputed by Plaintiff. *See* attached Exhibit A for relevant page(s) from Plaintiff's Experian credit report.

12. Plaintiff was perplexed by Defendant's failure to communicate to the CRAs that the subject debt was disputed, especially given the fact that Defendant re-reported the account to Experian on December 5, 2023, which was well after Plaintiff's notice of dispute with Defendant. *See Id.*

13. To date, Defendant has failed to notify the CRAs regarding Plaintiff's dispute of the subject debt, and has continued to disseminate false information regarding Plaintiff to third parties, including potential creditors.

14. Frustrated with Defendant's conduct, Plaintiff spoke with the undersigned counsel regarding her rights, resulting in expenses.

15. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from her by falsely communicating information regarding the subject debt to credit reporting agencies, and ultimately cause unwarranted harm to her credit or otherwise harm her economically.

16. The erroneous reporting of the subject debt paints a false and damaging image of Plaintiff. Specifically, Defendant's inaccurate reporting has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff has outstanding accounts that remain unpaid and are acknowledged by Plaintiff.

17. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

18. Defendant's conduct and disputed credit reporting has caused Plaintiff additional concrete harm, including but not limited to: a decreased credit score, the dissemination of false information to one or more third parties, the exacerbation of her physical and medical symptoms, loss of sleep, expending time addressing and dealing with Defendant's confusing and false conduct, and a violation of her state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt

collector and has been an active member of the Association of Credit and Collection Professionals ("ACA") since 2011.[2]

23. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### i. Violations of 15 U.S.C § 1692e

24. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

25. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A);

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, *including the failure to communicate that a disputed debt is disputed*." 15 U.S.C. § 1692e(8) (emphasis added); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

26. Defendant violated 15 U.S.C. §§ 1692e, e(8), and e(10) when it used false and deceptive means to collect and/or attempt to collect the subject debt. Specifically, it

---

[2] https://me.acainternational.org/membership/membership-directory/company-member-directory/company-details?accountid=47168e9c-4542-ec11-8c62-000d3a5b843c

was false and misleading for Defendant to report the subject debt to Experian in an active collection status, when not only did Plaintiff not owe the subject debt, but she explicitly disputed the same directly with Defendant. Yet, Defendant failed to communicate Plaintiff's dispute to the credit reporting agencies. Consequently, Defendant knowingly communicated false and incomplete credit information to Experian, knowing it would affect Plaintiff's creditworthiness and ultimately force Plaintiff into making payment on a disputed debt that she did not owe.

### ii. Violations of FDCPA § 1692f

27. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

28. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect upon the subject debt through its credit reporting. Plaintiff did not owe the subject debt, as she was fully insured as the time she obtained medical services from Gem State. Plaintiff informed Defendant of this information, but rather than being mindful of this dispute, Defendant disregarded Plaintiff's contentions and knowingly continued to unfairly report false and incomplete information to the credit bureaus.

29. Furthermore, Defendant's conduct runs afoul of 15 U.S.C. § 1681s-2(a)(3) of the Fair Credit Reporting Act ("FCRA"); and while the FCRA itself does not afford Plaintiff any private remedies for violations under this provision, Defendant's willful abuse of the same is further evidence of its unfair and unconscionable behavior.

30. As pled in paragraphs 14 through 18, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, CRISTAL SHEFFIELD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt, and from further credit reporting of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

33. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

34. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    **a. Violations of RFDCPA § 1788.10 -1788.17**

35. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the Fair Debt Collection Practices Act ("FDCPA")], inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

36. As outlined above, through its blatant disregard of Plaintiff's dispute of the subject debt, Defendant violated 1788.17; and §§1692e and f. Plaintiff disputed owing the subject debt, as her insurance provider was to cover any medical expenses associated with the subject debt. In spite of Plaintiff's efforts to dispute the subject debt, Defendant has continued to unfairly report false information to the CRAs.

37. Defendant willfully and knowingly violated the RFDCPA. Defendant was aware of Plaintiff's dispute but knowingly continued to report incomplete and inaccurate information to the CRAs. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

38. As plead in paragraphs 14 through 18, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, CRISTAL SHEFFIELD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: January 9, 2024                    Respectfully submitted,

By: /s/ Neda Farah
Neda Farah, Esq.
**FARAH LAW, P.C.**
265 S. Doheny Drive. Suite 102
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 310-494-0768
E-Mail: neda@nedafarahlaw.com

*Counsel for Plaintiff, Cristal Sheffield*